IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WILLIAM COOK,

  Plaintiff,      No. CIV S-05-0840 LKK KJM P

  vs.

STATE OF CALIFORNIA, et al.,

  Defendants.      <u>ORDER</u>

_____/

  Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915. However, the certificate portion of the request, which must be completed by plaintiff's institution of incarceration, has not been filled out. Also, plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. <u>See</u> 28 U.S.C. § 1915(a)(2)

  Moreover, it appears plaintiff has "struck out" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915 (g). The court takes judicial notice of the following cases: <u>Cook v. Sacramento County Sheriff Dept., et al.</u>, Civ. No. S-99-1599 FCD DAD P, which was dismissed for failure to state a claim; <u>Cook v. Gilliard</u>, Civ. No. S-00-1793 WBS GGH P, which was dismissed because the defendant was immune from suit; <u>Cook v. Kobayashi,</u>

1

Civ. No. S-02-2634 FCD JFM P, which was dismissed because the defendant was immune from suit and the district court lacked jurisdiction to review a state court decision; and Cook v. Suniga, Civ. No. F-02-6561REC SMS P, which was dismissed because the defendants were immune or not acting under the color of state law and because the action implicated plaintiff's underlying conviction.[1] These dismissals appear to be strikes within the contemplation of 28 U.S.C. § 1915 (g). Should plaintiff wish to proceed in forma pauperis, he must show why these dismissals should not count as strikes and must provide the necessary documentation of his indigency. See Andrews v. King, 398 F.3d 1113, 1120-21 (9th Cir. 2005). Should plaintiff wish to pay the filing fee of $250.00 he need not address his prior strikes or provide the additional paperwork in support of his in forma pauperis application.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court.

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

3. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.

4. Along with the additional documentation in support of his request to proceed in forma pauperis, plaintiff shall, within thirty days of the date of this order, submit information on the cases the court has identified as strikes;

5. In lieu of satisfying the requirements above, plaintiff may pay the filing fee of $250.00 within thirty days of the date of this order.

---

[1] This court may take judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980).

1        6. Plaintiff's failure to comply with this order will result in a recommendation
2 that this action be dismissed without prejudice.

3 DATED: December 2, 2005.

                                           UNITED STATES MAGISTRATE JUDGE

2/kf
cook0840.3c+n