IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WILLIAM COOK

    Plaintiff,                      No. CIV-05-0840 LKK KJM P

    vs.

STATE OF CALIFORNIA, et al.,       <u>ORDER AND</u>

    Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On April 28, 2005, plaintiff filed a request for a temporary restraining order, seeking to prevent the state from collecting DNA samples from inmates.

        On December 5, 2005, this court filed an order, noting that plaintiff was barred from proceeding with this action without payment of the entire filing fee because he had "struck out" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). The court gave plaintiff a chance to show why the dismissals identified in the order should not count as strikes.

        On January 9, 2006, plaintiff submitted a reply, in which he claimed he no longer possessed information about his earlier cases. Accordingly, unless plaintiff's complaint shows

/////

1

he is in "imminent danger," this action should be dismissed based on plaintiff's failure to pay the filing fee.

The three strikes provision of the PLRA does not bar a plaintiff from filing a civil rights action if he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g). "The statute contemplates that the imminent danger will exist contemporaneously with the bringing of the actions." Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir.), cert. denied, 533 U.S. 953 (2001). "Imminent" means "about to occur at any moment or . . . impending." Id. at 315; see also Oxford English Dictionary, OED online, 2003, available at http:// dictionary.oed.com ("close at hand in its incidence; coming on shortly").

Plaintiff challenges California's policy of obtaining DNA samples from inmates. There is nothing in his complaint suggesting the potential for physical harm. Accordingly, his action should be dismissed without prejudice.

Because plaintiff has not paid the filing fee nor explained his "strikes," he does not have a viable action pending in this court. Accordingly, he cannot pursue his request for a temporary restraining order.

IT IS HEREBY ORDERED that plaintiff's April 28, 2005, request for a temporary restraining order is denied.

/////
/////
/////
/////
/////
/////
/////
/////
/////

1    IT IS HEREBY RECOMMENDED that this action be dismissed without
2 prejudice.
3    These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, plaintiff may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
9 F.2d 1153 (9th Cir. 1991).
10 DATED:  March 21, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
cook0840.56